UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MARK A BARTON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:05-CV-6 CAS |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Mark A. Barton's motion for return of property. The government filed a response and an amended response in opposition. Barton filed replies to the government's responses in opposition. For the following reasons, the Court will deny plaintiff's motion.

**I. Background**

Barton pled guilty to being a felon in possession of ammunition pursuant to 18 U.S.C. § 922(g)(1) on October 29, 1999. At the time of Barton's arrest he was on probation for a prior state court felony conviction. This Court sentenced Barton to 85 days of imprisonment and two years of supervised release. United States v. Barton, 4:99-CR-453 CAS. In August 2000, Barton was arrested for possession of methamphetamine. As a result, the state court revoked his probation and he was sentenced to a term of three years. Then, Barton pled guilty to violating the terms of his supervised release in the felon in possession case and was sentenced to twenty months by this Court. Subsequently, Barton was sentenced to seventy-eight months for possession with intent to distribute methamphetamine in a separate case. See United States v. Barton, 4:01-CR-46 CDP (E.D. Mo.).

In this case, Barton filed a motion for return of property seized and compensation for damages. During the execution of a search warrant in September 1999, Barton alleges that Drug Enforcement Administration ("DEA") agents seized a Harley Davidson that he personally built and destroyed tool containers valued at $4,196.96. Barton requests that the Court issue an order for the return of his motorcycle or in the alternative, to be compensated in excess of $20,000.00.

## II. Discussion

"Post-conviction filings for the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable claim." Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995). In this case, the Clerk of Court filed plaintiff's motion as a complaint in a civil action with a new case number.

A civil forfeiture may be set aside for lack of notice under certain conditions:

> Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may set aside a declaration of forfeiture with respect to that person's interest in property, which motion shall be granted if -- (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1). If the court grants a motion to set aside a declaration of forfeiture, "the court shall set aside the declaration of forfeiture as to the interest of the moving party without prejudice to the right of the Government to commence a subsequent forfeiture proceeding as to the interest of the moving party." 18 U.S.C. § 983(e)(2)(A). A motion to set aside a declaration of forfeiture may not be filed more than five years after the date of final publication of the notice of seizure of the property. 18 U.S.C. § 983(e)(3).

In its first response to Barton's motion, the government asserts that the motorcycle was forfeited to the United States and the Declaration of Forfeiture was entered on December 14, 1999, and Barton's claim should be limited to the issue of proper notice. (Def. Ex. 8). In the government's amended response, the government added that Barton's motion was time-barred because it was filed outside of the five-year statute of limitations in 18 U.S.C. § 983(e). Barton responds that the DEA exceeded the scope of the search warrant and the government had no basis for taking his personal property. Further, Barton asserts that he never received the Notices of Seizure delivered to the prison because the government neglected to put his prisoner identification number on the notices. In response to the government's amended motion, Barton asserts that the five-year statute of limitations does not apply because the DEA did not have jurisdiction to take his personal property during the execution of the search warrant.

The notice requirements for seized items are found in 19 U.S.C. § 1607. The statute provides:

> If such seized vessel, vehicle, or aircraft was used to import, export, transport, or store any controlled substance of listed chemical . . . the appropriate customs official shall cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published at least three successive weeks . . . . Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article.

19 U.S.C. § 1607(a). In any nonjudicial civil forfeiture proceeding under a civil forfeiture statute where the government is required to send written notice to interested parties, the notice must be sent no more than 60 days after the date of seizure. 18 U.S.C. § 983(a)(1)(A)(i). The notice must: (1) describe the property seized along with motor and serial numbers; (2) state the time, cause, and place of seizure; and (3) state that any claimants may within 20 days from the date of the first publication of the notice, file a claim to the property with the custodian or DEA Asset Forfeiture Section. 21

3

C.F.R. § 1316.75. The notice of seizure must be reasonably calculated under all circumstances to apprise potential claimants of the pendency of the forfeiture. Dusenberry v. United States, 534 U.S. 161, 168 (2002).

DEA special agents seized a 1999 Harley Springer Motorcycle, Vehicle Identification Number 132138I090 from Barton on September 23, 1999. (Hieronymus Aff. ¶ 4(a)). Subsequently, a forfeiture report was prepared and submitted to the DEA Forfeiture Counsel's Office. (Hieronymus Aff. ¶ 4(a)). The DEA Forfeiture Counsel's Office accepted the case for administrative forfeiture. (Hieronymus Aff. ¶ 4(a)). On October 21, 1999, the DEA sent written notice of the motorcycle's seizure by certified mail to Mark Barton at 2341 Foxtrotter Drive, O'Fallon, Missouri, 63366-6537. (Hieronymous Aff. ¶ 4(b)). An individual signing in the signature block accepted delivery of the letter. (Hieronymous Aff. ¶ 4(b), Def.'s Ex. 2). On October 21, 1999, the DEA also sent written notice of the seizure by certified mail to Barton at the Jennings Jail, 5445 Jennings Station Road, Jennings, Missouri, 63136. (Hieronymous Aff. ¶ 4(c), Def.'s Ex. 3). An individual signing in the signature block accepted delivery for that letter. (Hieronymous Aff. ¶ 4(c), Def.'s Ex. 4). The DEA also sent written notice of the seizure by certified mail to Cave Springs Self Storage at 3777 South Service Road, #145, St. Charles, Missouri 63301. (Hieronymous Aff. ¶ 4(d), Def.'s Ex. 5). An individual signing in the signature block accepted delivery of that letter. (Def's. Ex. 6). The DEA also published notices of seizure in the Wall Street Journal once a week for three consecutive weeks on November 1, 1999, November 8, 1999, and November 15, 1999. (Def.'s Ex. 7). All of the notices explained the option of filing a claim with the DEA Forfeiture Counsel and stated that the deadline to file a claim was November 21, 1999. (Def.'s Exs. 3, 5). On December 14, 1999, the DEA forfeited the motorcycle to the United States. (Def.'s Ex. 8). Other than plaintiff's assertion that tool

containers were destroyed during the search on September 23, 1999, there is no mention of tool containers in any of the records.

As stated earlier, a motion to set aside forfeiture must be filed no later than five years after the date of the final publication of the notice of seizure. The final publication of the notice of seizure was November 15, 1999. Therefore, Barton's motion to set aside forfeiture was due by November 15, 2004. This action was not filed until January 3, 2005.[1] Therefore, Barton's action is time barred and the Court will deny Barton's motion.

Even if Barton's motion were timely, it would be denied because plaintiff received proper notice of the forfeiture. The DEA sent certified mail addressed to Barton at the facility where he is incarcerated. Someone at the facility signed for the letter from the DEA. The notice of forfeiture was published for three consecutive weeks in the Wall Street Journal, pursuant to 21 C.F.R. § 1316.75. This method of notification was reasonably calculated to apprise Barton of the pendency of the action. See Dusenberry v. United States, 534 U.S. 161, 168-73 (2002) (FBI use of certified mail and publication to notify imprisoned claimant about forfeiture was reasonably calculated to apprise claimant of pending forfeiture).

---

[1] Barton sent a motion to the Clerk's Office entitled, "Motion for Return of Seized Property and Compensation for Damages," which was received by the Clerk's office on December 10, 2004. In response to Barton's motion, the Clerk of Court informed plaintiff that his criminal case was closed and that his motion would be construed as a civil complaint. Then, the Clerk of Court instructed plaintiff to either submit the $150 filing fee or submit an application to proceed in forma pauperis. Barton submitted a motion to proceed in forma pauperis, which was received on January 3, 2005. Plaintiff's motion to proceed in forma pauperis was granted on January 28, 2005 and the complaint was filed as of January 3, 2005.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for return of property and compensation of damages is **DENIED as time barred** under the applicable statute of limitations, 18 U.S.C. § 983(e)(5), and because plaintiff received proper notice of the forfeiture.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with no further action to take place herein.

An appropriate order of dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of June, 2005.